IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSHUA LAMAR HELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-042 |
| | ) | |
| DODGE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Coffee County Jail in Douglas, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, his complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). Upon conducting an initial screening of Plaintiff's complaint, the Court ordered Plaintiff, on July 3, 2014, to amend his complaint to correct certain pleading deficiencies. (See doc. no. 7.) Plaintiff then submitted an amended complaint addressing some of the deficiencies identified by the Court, but he failed to include all his facts and allegations in one document as ordered. (See doc. no. 9.) Instead, Plaintiff stated that the summary of facts the Court included in its order to amend was "pretty much right on point for this matter," and the current filing was "just facts, dates, who and place of the event." (Id. at 6.)

On August 15, 2014, the Court explained that Plaintiff could not amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. (See doc. no. 10 (citing Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).) Thus, the Court provided Plaintiff one final opportunity to fix his pleading deficiencies by submitting an amended complaint that included all of his allegations in one amended complaint. (Id.) The Court warned Plaintiff, as it had in the first order to amend, that failure to comply with the terms of the August 15th Order within fourteen days would be an election to voluntarily dismiss his case and would result in a recommendation to the presiding District Judge that this case be dismissed without prejudice. (Id.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's August 15th Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1]("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court twice ordered Plaintiff to amend his complaint to cure pleading deficiencies, and warned him that, in the event he failed to do so, it would recommend dismissal of his case without prejudice. (See doc. no. 7, pp. 5-7; doc. no. 10, pp. 2-4.) Plaintiff's failure to comply with the terms of the Court's Orders, or to provide the Court with an explanation for his failure to amend his complaint as directed, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 16th day of September, 2014, at Augusta, Georgia.

                                                                             BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA